IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:               )      CASE NO. BK10-42093-TJM
                                )
ILLUMINATIONS, INC.,            )      CH. 7
                                )
          Debtor(s).            )

ORDER

      Hearing was held in Lincoln, Nebraska, on July 27, 2011, regarding Fil. #41, Application for Administrative Expense of Inchworm, Inc., for Post Petition Rent, filed by the Debtor, Fil. #42, Objection to Debtor's Motion to Approve Administrative Expense of Inchworm, Inc., for Post Petition Rent, filed by Bradley Gerdts, and Fil. #43, Objection to Motion to Approve Administrative Expenses, filed by Joseph H. Badami, Trustee. Trev Peterson appeared for the debtor, Joseph H. Badami appeared as Chapter 7 trustee, and David Rasmussen appeared for Bradley Gerdts.

      The debtor is a corporation that previously did business as a lamp and lighting store. It rented space from a company with the name of Inchworm, Inc. Inchworm, Inc., is a corporation owned by Mark Becher. The debtor is a corporation owned by Mark Becher.

      When the debtor filed the Chapter 7 case, it had various lamps and other items hanging from the ceiling in the commercial real estate rented from Inchworm, Inc. Mr. Becher did not remove the Illuminations, Inc., property from the ceiling of the Inchworm, Inc., commercial property because, he says, he did not have the proper cartons for repacking the lamps. So, since early July of 2010 when the petition was filed, the display items have remained in the Inchworm property.

      Also using the same space as the debtor previously used is a company named Lamp and Lighting of Lincoln, d/b/a Illuminations. That company is owned by Mark Becher and apparently is in exactly the same business as the debtor was. In the same space, on the same ceiling, as the Illuminations display lamps are located, Lamp and Lighting of Lincoln, Inc., displays its inventory which is quite similar to the type of property owned by the debtor and located in the same space. Mr. Becher states that the inventory of the new company is newer and that the debtor's display items are obsolete and should be removed.

      The Chapter 7 trustee did not assume the oral month to month rental agreement between the debtor and Inchworm, Inc. It, therefore, expired soon after the filing of the bankruptcy. Neither Mr. Becher nor any other representative of Inchworm, Inc., made an oral or written demand that the trustee remove the lamps and lighting fixtures owned by the debtor. According to the trustee, Mr. Becher and the trustee have been involved in negotiations concerning the sale of the debtor's lamps and lighting items to Mr. Becher or one of his companies.

      On June 10, 2011, at Fil. #41, the debtor filed a "Motion to Approve Administrative Expense of Inchworm, Inc., for Post Petition Rent." Inchworm claims that it is owed $1,500.00 per month from the petition date for fair rental value of the space. That claim is made by Mr. Becher in his declaration, Fil. #46, and the fair rental value is attested to by David Albers, a real estate broker, at Fil. #47.

      Both the trustee and a creditor, Bradley Gerdts, have objected. Mr. Gerdts claims to be a creditor and a former president of the debtor who is quite familiar with the debtor's property. He

asserts that the displayed items could have been removed long ago and placed in storage for less than $100.00 a month. Additionally, he claims that there is no need for special packaging to protect the value of the display items. He also argues that since Mr. Becher owns the debtor, which owns the display inventory, and Mr. Becher owns Inchworm, Inc., which is the landlord, and Mr. Becher owns Lamp and Lighting, Inc. of Lincoln, d/b/a Illuminations, this application for administrative expenses is simply Mr. Becher's method for obtaining money from the bankruptcy estate.

The trustee objects that he was never informed that there was any possibility of a claim for administrative expenses, especially for rent, and that the services of Inchworm, Inc., were not necessary for preserving the display inventory.

Section 503(b) of the Bankruptcy Code provides:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under § 502(f) of this title, including –
> (1)(A) the actual, necessary costs and expenses of preserving the estate[.]

There is no evidence that the requested rental amount of $1,500.00 per month was, or is, the actual, necessary cost and expense of preserving the estate. Mr. Becher claims that Inchworm, Inc., has been unable to lease the space in which the debtor's property is located, and therefore Inchworm has lost $1,600.00 per month because Lamp and Lighting, Inc. of Lincoln, d/b/a Illuminations, is unable to use all of the space while the debtor's property remains. Although that may be true, it is not evidence of actual and necessary costs and expenses for preserving the estate.

This motion was filed not by Inchworm, Inc., the landlord, but by the debtor. The debtor in this Chapter 7 case has no standing to move for allowance of an administrative expense claim for Inchworm, Inc. The trustee controls the debtor, and the appropriate party, if any, to request an administrative expense claim is the landlord, Inchworm, Inc. For that reason alone, the motion is denied. However, in addition, it is denied because there is simply no evidence that $1,500.00 per month or any other amount equals the actual and necessary costs and expenses for preservation of the estate.

IT IS ORDERED that the Application for Administrative Expenses, Fil. #41, is denied.

DATED:    August 10, 2011

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
   *Trev Peterson
   Joseph Badami
   David Rasmussen
   U.S. Trustee

* Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.